**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| DWIGHT ELLIS BROOKS, | * | |
| Plaintiff, | * | |
| VS. | * | NO: 4:12CV00016   SWW |
| INTERNAL REVENUE SERVICE, | * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

In January 2006, the Internal Revenue Service ("IRS") notified plaintiff that he owed taxes for the year 2002.  Plaintiff filed a complaint against the IRS in state court on November 28, 2011.[1]  Defendant timely removed the case and now moves for dismissal under Fed.R.Civ.P. 12(b) (1) and (5).  Plaintiff did not respond to the motion.[2]

Federal Rule of Civil Procedure 4(i) provides that service upon the United States[3] shall be effected by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy of the summons and complaint

---

[1] The complaint was signed and notarized on January 21, 2006.  *See* Compl. at 3.

[2] Plaintiff filed a motion to remand on the same date the defendant filed a motion to dismiss.  *See* docket entry 4.  The defendant responded to plaintiff's motion.

[3] Plaintiff improperly named the Internal Revenue Service; the only proper party is the United States.  *See* 26 U.S.C. § 7422(f) and 28 U.S.C. § 1346(a)(1).

to the Attorney General of the United States in Washington, D.C.  The IRS received a summons and copy of the complaint on December 12, 2011.  Plaintiff did not serve the Attorney General.  Therefore, the Court finds the complaint should be dismissed for insufficient service of process.

The Court further finds that it lacks subject matter jurisdiction.  The United States is immune from suit unless specifically authorized by federal statute.  *Lehman v. Nakshain*, 453 U.S. 156 (1981).  It appears plaintiff is seeking a refund of taxes and an order restraining the IRS's collection of taxes and penalties assessed against him for the 2002 tax year.  Plaintiff fails to allege any statute that provides the Court with jurisdiction to hear this case.  In addition, before filing a refund suit, a plaintiff must file a claim for refund with the Secretary of the Treasury.  *See* 26 U.S.C. § 7422.  Plaintiff makes no allegation that he filed such a claim as required by § 7422.  Further, the statute of limitations for filing a claim with the Secretary has expired.  Title 26 United States Code Section 6511 provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 year from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Plaintiff's complaint states he did not file a return for 2002.[4]  Section 6511 therefore required him to file a claim within 2 years of the payment.  Plaintiff alleges he "paid federal taxes for the year 2002."[5]  He does not allege how much he paid in taxes for 2002 or when he paid such taxes, but he signed the complaint before a notary on January 21, 2006.  Therefore, he alleges that as of January 21, 2006, he paid taxes for 2002.  To the extent that all or part of the

---

[4]Compl. at 1.

[5]*Id*.

tax was paid, based on the date of the complaint, the 2-year statute of limitations for plaintiff to file a refund claim expired no later than January 21, 2008.  Plaintiff makes no allegation that he filed a claim for refund with the Secretary within this period.  Therefore, the statute of limitations for filing a claim is expired.

Finally, to the extent plaintiff seeks to restrain the collection of taxes, such claims are barred by the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [docket entry 3] is granted.[6]  Plaintiff's complaint is dismissed with prejudice.  A separate judgment will be entered accordingly.

DATED this 9th day of February, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's motion to remand [docket entry 4] is denied.